IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

In Re:

KATHLEEN ANNE DUDLEY,             Bankr. No. 24-10034-j11
                                                       Adv. Proc. No. 24-1023-j

        Debtor,

DISCIPLINARY BOARD OF
THE SUPREME COURT OF
THE STATE OF NEW MEXICO,

        Plaintiff,

v.                                                         Civ. No. 24-962 DHU/GBW

CHARLES EDWARD LINCOLN, III,

        Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on a Defendant's Motion to Withdraw the Reference Under 28 U.S.C. § 157(d) and Rule 5011 of the Federal Rules of Bankruptcy Procedure. *Doc. 1-1*. This Motion has been referred to the undersigned for proposed findings, analysis and disposition. *Doc. 4*. Having reviewed the Motion and the applicable law, I recommend that the Court DENY the Motion.[1]

---

[1] The undersigned recognizes that Plaintiff has not filed any response to the instant Motion. Pursuant to the local rules, the Court could grant the Motion on the basis of that failure. *See* D.N.M.LR-Civ. 7.1(b). However, given that the Motion implicates the internal administration of court matters, the undersigned recommends addressing the Motion on its merits notwithstanding the lack of a response. The undersigned also notes Defendant's failure to state the position of Plaintiff on the Motion as required by

I.  **PROCEDURAL POSTURE**

On April 3, 2024, United States Trustee for the District of New Mexico (hereinafter "Trustee") filed a Complaint for Sanctions and Injunctive Relief against Charles E. Lincoln, III, (hereinafter "Defendant") alleging that he engaged in the unauthorized practice of law in the United States Bankruptcy Court for the District of New Mexico.  *Lashinsky v. Lincoln* (*In re Dudley*), Ch. 11 Case No. 24-10034-j11, Adv. No. 24-01011-j, *doc. 1* (Bankr. D.N.M. April 3, 2024).  Specifically, in the case of *In re Dudley*, 24-BK-10034-j11-RHJ, the Complaint claimed that Defendant was paid to practice law despite not having a license to do so.  *Id.*  On April 8, 2024, a Petition for Injunctive Relief for the Unauthorized Practice of Law was filed by the Disciplinary Board of the New Mexico Supreme Court (hereinafter "State Disciplinary Board") before the New Mexico Supreme Court.  *Disciplinary Bd. v. Lincoln (In re Dudley)*, Ch. 11 Case No. 24-10034-j11, Adv. No. 24-01023-j, *doc. 5*, Ex. 1 (Bankr. D.N.M. Aug. 20, 2024).  Similarly to the Trustee's Complaint, the Petition alleges that Defendant engaged in the unauthorized practice of law in the case of *In re Dudley*, 24-BK-10034-RHJ because he was paid to practice law despite not having a license to do so in the state of New Mexico.  *Id.*  Instead of responding to the Petition before the Supreme Court of New Mexico as ordered, Defendant filed a Notice of Removal in the United States

---

the local rules.  *See* NM LBR 9013-1.  The undersigned does not recommend denial of the Motion on the basis of that failure.

2

Bankruptcy Court for the District of New Mexico. *Id., doc. 5,* Exs. 2, 3, 4, 5, 6. Defendant asserted that removal was proper pursuant to 28 U.S.C. §1452, Bankruptcy Rule 9027 and 28 U.S.C. §1443(1). *Id., doc. 5*, Ex. 6 at 1.

Unsurprisingly, the State Disciplinary Board objects to the removal of their disciplinary proceeding to federal court and has filed a Motion to Remand. *Id., doc. 5*. With additional briefing as ordered by the Bankruptcy Court, the remand motion is fully briefed. *Id., docs. 12, 18*. Despite having affirmatively sought out the jurisdiction of the United States Bankruptcy Court for his state disciplinary matter, Defendant now "moves the United States District Court for the District of New Mexico for an order withdrawing the reference to the Bankruptcy Court of Adversary Proceeding No. 24-1023-j in this Petition brought against him by the NM Disciplinary Board." *Id., doc. 13* at 1. In short, Defendant argues that the United States District Court for the District of New Mexico should rule on the remand motion rather than permitting the Bankruptcy Court to resolve it.

II.   **RELEVANT LAW**

Title 28 U.S.C. § 157(d) provides that the "district court may withdraw, in whole or in part, any case or proceeding referred under this section . . . for cause shown. The district court shall . . . so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

Notwithstanding the broad language regarding mandatory withdrawal, the "mere presence of issues arising under federal laws other than Title 11 is not sufficient for mandatory withdrawal of reference." *Solis v. Wahl (In re Wahl)*, 2012 WL 5199630, at *2 (N.D. Okla., Oct. 22, 2012) (citing *Abrahams v. Phil–Con Servs., LLC*, 2010 WL 4875581 (S.D. Ala. Nov. 23, 2010) and *BankUnited Fin. Corp*. v. FDIC, 436 B.R. 216 (S.D. Fla. 2010). While the Tenth Circuit has not addressed the nature of the mandatory withdrawal standard, the undersigned is persuaded by the leading case of *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949 (7th Cir. 1996). In *Vicars*, the Seventh Circuit held that mandatory withdrawal is required only when there are "substantial and material" issues of non-bankruptcy law that must be resolved. *Id*. at 953. A "substantial and material issue" must be "more than the mere application of well-settled or hornbook non-bankruptcy law . . . [and] 'significant interpretation' of the non-Code statute must be required." *Id*. (quoting *United States v. Johns–Manville Corp. (In re Johns–Manville Corp.)*, 63 B.R. 600, 603 (S.D.N.Y. 1986); *see also City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991) ("This mandatory withdrawal provision has been interpreted to require withdrawal to the district court of cases or issues that would otherwise require a bankruptcy judge to engage in significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes.").

### III. ANALYSIS

To properly consider the instant Motion, one must first categorize the related, but distinct, issues. Certainly, Defendant attacks the state's disciplinary action on many fronts. Indeed, these attacks implicate numerous constitutional rights and would likely involve the "significant interpretation" of federal law apart from the bankruptcy statutes. However, the question before the Bankruptcy Court in the remand motion is whether the state disciplinary petition is properly removed to that court. Defendant premises his removal of the Petition on Title 28 U.S.C. § 1443(1). *Disciplinary Bd.*, 24-AP-01023-j, *doc. 5*, Ex. 6. For removal to be permissible under this statute, a party must demonstrate violation of a "right under any law providing for . . . equal rights." 28 U.S.C. § 1443(1). The Supreme Court has clearly and unambiguously held that this language "must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966); *see also City of Greenwood v. Peacock*, 384 U.S. 808, 827-28 (1966). Regardless of the strength or weakness of Defendant's attacks on the state disciplinary petition, they are not based on a claim that the petition is racially inequitable. As such, a simple application of well-settled

law[2] will likely suffice to resolve the remand motion.[3]  Therefore, under Title 28 U.S.C. §157(d), mandatory withdrawal is not indicated.  *See Vicars*, 96 F.3d at 953 ("substantial and material issue" must be "more than the mere application of well-settled or hornbook non-bankruptcy law").

Having concluded that withdrawal is not mandatory, the next question is whether the reference should be withdrawn as a discretionary matter.  Ordinarily, when faced with this question, courts often consider seven factors: "(1) whether the proceeding is core or non-core; (2) judicial economy; (3) uniformity in bankruptcy administration; (4) economical use of the debtors' creditors' resources; (5) reduction of forum shopping and confusion; (6) expediting the bankruptcy process; (7) and the presence of a jury demand."  *Samson Res. Co. v. Valero Mktg. and Supply Co.*, 449 B.R. 120, 132 (D.N.M. 2011) (quoting *In re Cook*, 2010 WL 1734737, at *3 (D.N.M. Apr. 19, 2010).  In the instant matter, however, these factors are broadly inapplicable.  First, the

---

[2] Defendant argues that, based on more recent Supreme Court precedent, *Rachel* and *Peacock* are primed for reversal.  *Disciplinary Bd. v. Lincoln (In re Dudley)*, Ch. 11 Case No. 24-10034-j11, Adv. No. 24-01011-j, *doc. 13* at 4-13 (Bankr. D.N.M. Sep. 26, 2024).  Even assuming that presenting a plausible argument that the Supreme Court would completely reverse itself on a settled issue is sufficient to support mandatory withdrawal under Title 28 U.S.C. §157(d), Defendant's argument appears more peculiar than plausible.  Defendant points to several Supreme Court cases questioning the constitutionality of affirmative action programs.  *Id*.  The undersigned does not dispute that more recent Supreme Court opinions have strongly challenged the concept that discrimination in favor of a minority race is generally permissible.  Nonetheless, it does not follow that this precedential shift undermines the holding that a removal pursuant to Title 28 U.S.C. § 1443(1) must be based upon some alleged racial inequality, whether that inequality disadvantage a majority or minority racial group.

[3] The undersigned does not foreclose the possibility that the remand may be ruled improper on other grounds such as timeliness.  This possibility does not alter the analysis herein as timeliness considerations also apply well-settled law.

6

controversy Defendant has attempted to remove to Bankruptcy Court is neither core nor non-core—it is not a bankruptcy matter at all. As repeatedly noted, it is a state disciplinary petition. Second, the motion Defendant seeks to put before the District Court is the remand motion. The ruling on that matter will not resolve any matter beyond whether Defendant's attempt to remove the state disciplinary petition to the United States Bankruptcy Court was proper. Indeed, a grant of the motion to remand would not necessarily foreclose Defendant's access to federal court on his claims that the state's disciplinary petition violates his civil rights. Remand would simply mean that he must raise such issues in a separate federal lawsuit which invokes federal jurisdiction properly.[4] Finally, it would be curious to permit the litigant who attempted to remove a matter to the United States Bankruptcy Court to then move it to another court. *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993) ("prevention of forum shopping" is another consideration for discretionary withdrawal). Under the circumstances in the instant case, the undersigned recommends against a discretionary withdrawal of reference.

---

[4] Of course, the undersigned expresses no opinion about the applicability of any defenses to such a lawsuit.

## IV.  CONCLUSION

For the forgoing reasons, I recommend that the Court DENY Defendant's Motion to Withdraw the Reference (*doc. 1-1*).

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**